**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 13-4185**

_____

UNITED STATES OF AMERICA,

               Plaintiff - Appellee,

      v.

JAMES W. BAILEY, JR., a/k/a James W. "Bill" Bailey, Jr.,

               Defendant - Appellant.

_____

**No. 13-4342**

_____

UNITED STATES OF AMERICA,

               Plaintiff - Appellee,

      v.

JAMES W. BAILEY, JR., a/k/a James W. "Bill" Bailey, Jr.,

               Defendant - Appellant.

_____

Appeals from the United States District Court for the Western District of North Carolina, at Asheville.  Martin K. Reidinger, District Judge.  (1:11-cr-00010-MR-DLH-1)

_____

Submitted:  November 26, 2013     Decided:  December 23, 2013

_____

Before NIEMEYER, WYNN, and DIAZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

———————————

Mark R. Sigmon, GRAEBE HANNA & SULLIVAN, PLLC, Raleigh, North Carolina, for Appellant. Anne M. Tompkins, United States Attorney, Amy E. Ray, Richard Edwards, Assistant United States Attorneys, Asheville, North Carolina; Mythili Raman, Acting Assistant Attorney General, Denis J. McInerney, Acting Deputy Assistant Attorney General, Richard A. Friedman, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

James W. Bailey, Jr., appeals the 384-month sentence imposed by the district court. Bailey pled guilty, pursuant to a written plea agreement, to securities fraud, mail fraud, and filing a false tax return. After Bailey pled guilty, both parties approached the district court with a corrected plea agreement. The district court accepted the corrected plea agreement after a comprehensive hearing by a magistrate judge pursuant to Fed. R. Crim. P. 11. On appeal, Bailey contends that the district court erred when it accepted the corrected plea agreement because the agreement's new provisions were not supported by independent consideration. We affirm.

Bailey did not object to the district court's acceptance of the corrected plea agreement. Quite the opposite, Bailey personally confirmed that the corrected plea agreement accurately reflected the intent of the parties at the time that the original plea was entered. Therefore, our review is for plain error. See United States v. Olano, 507 U.S. 725, 732 (1993). To establish plain error, Bailey must show (1) there was error, (2) the error was plain, and (3) the error affected his substantial rights. Id. Even if these requirements are met, we will notice the error only if it "seriously affects the fairness, integrity or public reputation of judicial

3

proceedings." <u>Id.</u> (internal quotation marks and alteration omitted).

We conclude that the district court validly accepted a reformation of the original plea agreement. "Reformation is available when the parties, having reached an agreement and having then attempted to reduce it to writing, fail to express it correctly in the writing." 27 Samuel Williston & Richard A. Lord, <u>A Treatise on the Law of Contracts</u> § 70:21 (4th ed. 2003). Both the Government and Bailey agreed before the district court that the corrected plea agreement accurately reflected the bargain that they had initially struck. Therefore, we conclude that the district court did not commit error, plain or otherwise, when it accepted the corrected plea agreement based on Bailey's representations.

Accordingly, we affirm the district court's amended judgment. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

<u>AFFIRMED</u>

4